**Tesfaye Moges ARAGAW, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71619.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 1, 2004.[*]

Decided Feb. 8, 2005.

Dario Aguirre, Esq., San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robert M. Loeb, Esq., R. Craig Green, Attorney, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: REINHARDT, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Tesfaye Moges Aragaw ("Petitioner"), a native and citizen of Ethiopia, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming in part the decision of the Immigration Judge ("IJ"). The IJ found that Petitioner was not credible and therefore denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ further found that Petitioner had submitted a frivolous asylum application on the basis of an allegedly fraudulent document and accordingly denied Petitioner voluntary departure. The IJ ordered Petitioner removed to Ethiopia. The BIA dismissed the appeal with respect to the merits of Petitioner's application for asylum, withholding of removal, and relief under the CAT, but disagreed with the IJ's finding that Petitioner knowingly filed a frivolous asylum application. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The adverse credibility finding was based not only on the allegedly fraudulent identification card from the All Amhara People's Organization, but also on Petitioner's attempts to explain the identification card, including the apparently fraudulent letter from Petitioner's sister.[1] Thus, although we agree with the IJ's comment that the events to which Petitioner testified certainly would support an asylum claim, substantial evidence supports the adverse credibility finding. *See Yeimane–Berhe v. Ashcroft,* 393 F.3d 907, 910 (9th Cir.2004) (stating that we review adverse credibility determinations under the deferential substantial evidence standard). In *Yeimane–Berhe,* the adverse credibility finding was based on only one allegedly fraudulent document, there was no evidence that the petitioner knew the document was counterfeit, and other evidence supported the petitioner's claim. *Id.* at 911–12. Here, by contrast, in addition to Petitioner's proffer of a false document, his attempts to explain the false identification card, and his implausible testimony regarding the letter from his sister also support the IJ's finding. We also disagree with Petitioner's contention that the identification card does not go to the heart of his asylum claim.

For the foregoing reasons, the petition for review is

DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.